**FILED**
**Feb 08, 2021**
**01:30 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Elizabeth Harrison,** | ) | **Docket No. 2018-01-0699** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Chattanooga Staffing,** | ) | **State File No. 58404-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **Technology Insurance Co.,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Ms. Harrison asked the Court to order Chattanooga Staffing to provide additional medical benefits for her left shoulder. Chattanooga Staffing disputes that her shoulder condition arose primarily out of her employment. For the reasons below, the Court holds Ms. Harrison is not entitled to medical benefits.

### History of Claim

This is the third expedited hearing in this case.

In the first hearing, Ms. Harrison asked the Court to order temporary partial disability benefits.[1] The Court found that her refusal to work the light-duty job offered by Chattanooga Staffing was reasonable and ordered payment of past and ongoing temporary partial disability benefits.

At the second hearing, Chattanooga Staffing asked the Court to discontinue Ms. Harrison's temporary partial disability benefits and deny additional medical benefits based

---

[1] While working as a caregiver for Chattanooga Staffing on July 16, 2018, Ms. Harrison reported a tearing/burning sensation across her neck into her left shoulder while moving a paraplegic client.

1

on the causation responses of panel physician, Dr. Alex Sielatycki.[2]  When asked if the employment contributed more than fifty percent in causing Ms. Harrison's cervical and left-shoulder conditions, Dr. Sielatycki responded it did not, citing "reports from prior hospitals" showing a history of cervical and left-shoulder/arm complaints.  As Ms. Harrison presented no proof to contradict Dr. Sielatycki's opinion, the Court discontinued temporary partial disability benefits and denied additional medical benefits.

In this hearing, Ms. Harrison requested additional medical benefits for her left shoulder.  She testified she went to Primary Care Physicians, which referred her to an orthopedist.  Ms. Harrison saw an orthopedist at Erlanger Medical Center and underwent shoulder surgery in September 2020, paid for by the hospital's indigent care program.  She said she continues to have weakness and loss of strength following surgery but acknowledged that no physician causally related her current symptoms to the work incident.  Further, Ms. Harrison did not submit any medical records from Primary Care Physicians and Erlanger Medical.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

Ms. Harrison must present sufficient evidence demonstrating she is likely to prevail at a hearing on the merits.  Tenn. Code Ann. § 50-6-239(d)(1) (2019).  The Court holds she did not.

### *Causation*

Ms. Harrison requested additional medical benefits for her left shoulder.  To obtain medical benefits, Ms. Harrison must show, to a reasonable degree of medical certainty, that the incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."  Likewise, an aggravation of a pre-existing condition is compensable only if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment."  As a panel physician, Dr. Sielatycki's opinions regarding causation "shall be presumed correct but this presumption shall be rebuttable by a preponderance of the evidence."  *See* Tenn. Code Ann. § 50-6-102(14).

Here, the Court finds that Ms. Harrison presented no testimony or other proof to contradict Dr. Sielatycki's causation responses.  The Court heard Ms. Harrison's testimony.

---

[2] Dr. Justin Arnold, another panel orthopedist, initially treated Ms. Harrison in 2018.  He stated, "I do not believe her pain symptoms are explained by the pathology in the shoulder as the MRI was only positive for bursitis and AC osteoarthritic changes and her shoulder joint seems to be fairly benign at present."  Dr. Arnold then referred her to a spine surgeon, which resulted in her seeing Dr. Sielatycki.

2

However, lay testimony is insufficient to establish causation in the absence of medical evidence. *Arciga v. AtWork Pers. Servs.*, TN Wrk. Comp. App. Bd. LEXIS 6, at \*7 (Aug. 18, 2015). No medical proof established that her employment contributed "more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Therefore, the Court holds Ms. Harrison is not likely to prevail at a hearing on the merits and denies her request for medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Harrison's request for medical benefits.

2. This case is set for a Status Hearing on Monday, April 5, 2021, at 2:00 p.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED February 8, 2021.**

_Audrey Headrick_

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

Exhibits:
1. Affidavit of Elizabeth Harrison, February 8, 2019
2. Panels
3. Medical records of Elizabeth Harrison with a Table of Contents:
    a. DACHC UMA Clinic
    b. Physicians Care
    c. Justin M. Arnold, M.D.
    d. J. Alex Sielatycki, M.D.
4. Medical records of Andrew E. Mendoza, M.D.
5. Medical questionnaire completed by Dr. Sielatycki on June 3, 2019
6. Affidavit of Elizabeth Harrison, December 5, 2019
7. Panel (Dr. Sielatycki)
8. Expedited Hearing Order, December 20, 2019
9. Petition for Benefit Determination, August 12, 2020
10. Dispute Certification Notice, October 13, 2020
11. Affidavit of Elizabeth Harrison, December 3, 2020

Technical record:
1. Request for Expedited Hearing
2. Dispute Certification Notice
3. Employer/Carrier's Expedited Hearing Brief
4. Employer/Carrier's List of Proposed Exhibits
5. Employee, Elizabeth Harrison's Expedited Hearing Brief

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on February 8, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Charles G. Wright, Jr., Employee Attorney | | X | wrightandwoodard@gmail.com |
| Rosalia Fiorello, Employer Attorney | | X | rfiorello@wimberlylawson.com |

_____/s/Penny Shrum_____w/permission JD

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**